## THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. ABRAHAM HENIG, PLAINTIFF IN ERROR.

Submitted May 15, 1931—Decided November 16, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and CASE.

*Abraham Henig, pro se.*

For the defendant in error, *Joseph L. Smith,* prosecutor.

PER CURIAM.

The plaintiff in error, hereinafter referred to as the defendant, was convicted in the Essex Special Sessions before Judge Brennan, sitting without a jury, under an indictment charging him with uttering and delivering, with intent to defraud, to one Julian Broder, a check drawn by the defendant upon a bank wherein the defendant to his knowledge had not then sufficient funds or credit for the payment of the check. *Pamph. L.* 1919, *ch.* 72. The case comes up at the instance of the defendant under strict writ of error and also under the one hundred and thirty-sixth section of the Criminal Procedure act.

The first point presented by the defendant is that there was error on the part of the trial judge in refusing to permit the following question to be asked the defendant: "What kind of a clock was it?" The question had relation to a clock purchased by the defendant of Broder and which was

one of the articles for which the check was given in payment. The reason given for the asking of the question was that corroboration would thus be had for the defendant's story that the clock was too big to be carried away by him and that he had therefore left it and later returned with a conveyance thus confirming a portion of the defendant's story. No harm came to the defendant by the overruling of the question for the reason that the substance of such an answer as would have been competent was already in the testimony from the lips of the witness as follows: "It was a heavy clock and I didn't have a conveyance. I came there afterwards and took it, on the 18th."

The next point presented by the defendant is that the court erred in refusing to permit the witness Scheck to answer the question: "Was there any explanation given to you by Mr. Henig as to the need for that check?" Scheck was the attorney of Rosenthal & Klein, insurance brokers, who had secured the issue of a life insurance policy to Henig, upon which policy Henig was endeavoring to obtain a cash payment. The date of the check which was the subject of the indictment was December 18th, 1929. The payment involved in the question was not received by the witness until January, 1930. The question which the court overruled sought to elicit a remark made by the defendant at a time still subsequent to the receipt of that payment by the witness. We consider that the question was not relevant to the issue being tried.

Points three and four are that the court refused to direct a verdict of acquittal and that the verdict is contrary to law and against the weight of the evidence. We consider that there was ample evidence before the court sustain a finding that the defendant uttered and delivered a check in payment for merchandise on a bank with which he had no account and no credit and that the *prima facie* force given by the statute to this situation was at no time overcome.

The judgment below will be affirmed.